IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-623-M-KS

| | |
|---|---|
| RICHARD POLIDI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATHAN KELLEY in his individual )<br>capacity; THOMAS W. KRAUSE in his )<br>individual capacity; DANA J. BOENTE )<br>in his individual capacity; and JOHN )<br>DOES 1-5, )<br>)<br>Defendants. ) | **ORDER** |

This is one of many actions this court has seen in which Plaintiff complains of his 2015 expulsion from the practice of law before the United States Patent and Trademark Office ("USPTO") following Plaintiff's surrender of his North Carolina law license and consent to disbarment from the practice of law in North Carolina in July 2014. *See, e.g.*, *Polidi v. Boente*, No. 5:22-CV-519-M-RJ (E.D.N.C. July 26, 2024) (dismissing claims for lack of subject-matter jurisdiction and failure to state a claim); *Polidi v. Mendel*, No. 5:23-CV-518-M-RJ (E.D.N.C. Oct. 30, 2024) (same); *Polidi v. Boston*, No. 5:24-CV-246-M-KS (E.D.N.C. June 4, 2025) (dismissed without prejudice for failure to effect service).[1]

---

[1] Plaintiff has apparently also filed similar suits in other jurisdictions. *See* Index Exs., *Polidi v. Mendel*, No. 5:23-CV-518-M-RJ, ECF No. 10-1 (E.D.N.C. Feb. 12, 2024) (listing cases filed by Plaintiff in United States District Courts for Eastern District of Virginia, Middle District of North Carolina, and District of Columbia).

The instant action was filed by Plaintiff in Wake County Superior Court more than five years ago, on August 31, 2020. On October 1, 2025, the United States filed a notice removing the action pursuant to 28 U.S.C. §§ 1346 and 1442. (Notice Removal [DE #1].) On October 1, 2025, the court informed Plaintiff of the removal of his case and instructed Plaintiff that he must comply with this court's local rules requiring that he file a notice of self-representation (if he intends to proceed without an attorney) as well as a disclosure statement. (Notice by Court [DE #6].) Plaintiff was given fourteen (14) days to make the filings.

Upon removal, the United States filed a motion to stay any responsive pleading deadlines in this action. (Mot. Stay [DE #4].) The United States represents that Plaintiff has failed to effect service on any of the named defendants. Because the state court has scheduled an in-person hearing for October 27, 2025, the United States removed the action to avoid any potential default. As a further preventative measure, the United States has made a limited appearance of behalf of the individual defendants and seeks to stay any responsive pleading deadlines until such time as Plaintiff demonstrates proper service upon all defendants.

Given Plaintiff's litigation history, the procedural posture of this case, the court's interest in avoiding piecemeal litigation, as well as the recent lapse in federal appropriations, the court GRANTS the United States' motion to stay [DE #4]. Following Plaintiff's proof of service upon all named defendants (Nathan Kelley, Thomas Krause, and Dana J. Boente), Defendants shall have thirty (30) days to answer or otherwise respond to Plaintiff's complaint.

Furthermore, Plaintiff has not responded to the court's notice requiring that he comply with the court's local rules regarding notice of representation and the filing of a disclosure statement. Nor has Plaintiff sought an extension of time to comply with the notice, and his time for doing so has expired. In its discretion, the court EXTENDS the time for Plaintiff's compliance until **October 31, 2025**. **Plaintiff is warned that failure to do so may result in the dismissal of this action without prejudice for failure to prosecute.**

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The United States' motion to stay [DE #4] is GRANTED. Following Plaintiff's proof of service upon all named defendants (Nathan Kelley, Thomas Krause, and Dana J. Boente), Defendants shall have **thirty (30) days** to answer or otherwise respond to Plaintiff's complaint; and

2. Plaintiff shall have until **October 31, 2025**, to file a disclosure statement and a notice of self-representation (or have counsel file a notice of appearance) in accordance with this court's local rules. **Failure to do so may result in the dismissal of this action without prejudice for failure to prosecute.**

This 23rd day of October 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge